Filed 11/12/21  P. v. Suares CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSE SUARES,<br><br>    Defendant and Appellant. | B310203<br>(Los Angeles County<br> Super. Ct. No. BA347720) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed.

Hancock and Spears and Alan E. Spears, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is the fourth appeal by defendant and appellant Jesse Suares in this case. In the third appeal, this court remanded the matter, "(1) to permit the trial court an opportunity to exercise its discretion to strike the [Penal Code[1]] section 667, subdivision (a) enhancement; (2) to provide [appellant] an opportunity to demonstrate his inability to pay fees and assessments; and (3) to order the trial court to correct the abstract of judgment to reflect the proper amount of assessments." (*People v. Suares* (July 10, 2020; B294317) [nonpub. opn.] at pp. 2–3 (*Suares*).) On remand, the trial court declined to exercise its discretion to strike the section 667, subdivision (a) enhancement, stayed all fines and assessments and corrected the abstract of judgment.

Appellant's appointed counsel has asked this court to review the record and determine if there are any arguable appellate issues. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Finding none, we affirm the trial court's order denying appellant's request to strike a prior strike.

## BACKGROUND AND DISCUSSION

"[I]n October 2008, [appellant] pointed a loaded gun at someone and referred to a gang. He then drove away and was pursued by the police until he crashed and injured several people. [Appellant] fled the crash scene on foot and fought with officers who pursued him. Following his arrest, the police found cash and methamphetamine near

---

[1] Undesignated statutory references are to the Penal Code.

2

[appellant], and found a handgun and ammunition in his car." (*Suares, supra,* at p. 3.)

In October 2009, appellant was charged with and later convicted by a jury of: (1) assault with a firearm (count 1; § 245, subd. (a)(2)); (2) evading an officer (count 2; Veh. Code, § 2800.2, subd. (a)); (3) resisting an officer (count 3; § 69); (4) transporting narcotics (count 4; Health & Saf., Code, § 11379, subd. (a)); (5) possession of firearm by felon (count 6; Health & Saf., Code, § 12021, subd. (a)(1)); (6) prohibited possession of ammunition (count 7; § 12316, subd. (b)(1)); (7) leaving the scene of an accident (count 8; Veh. Code, § 20002, subd. (a)); and (8) assault with semiautomatic firearm (count 9; § 245, subd. (b)).

Appellant was sentenced in December 2016 to a total term of 28 years in state prison and assessed various fines and fees.[2] We affirmed the convictions and, in earlier appeals, have remanded the matter for the trial court to exercise its discretion to strike a firearm enhancement, and with other instructions, including those identified above. (See *Suares, supra,* at pp. 3–4, 9.)

On November 24, 2020, the trial court denied appellant's motion to strike the prior conviction under section 667, subdivision (a), struck all fines, fees and assessments, and corrected the abstract of judgment. This appeal followed.

Appellant's counsel filed a brief raising no issues and asking this court independently to review the record. (*Wende, supra,* 25 Cal.3d 436.) Appellant accepted our invitation personally to submit any

---

[2]    We need not recite assessments imposed; all fines and fees are stayed.

contentions or arguments he wished this court to consider and filed a supplemental brief. The gist of appellant's arguments are that (1) the charges against him and his conviction are the result of, among other things, racial animus and explicit discrimination by society, the police and prosecution; (2) the trial court erred in denying his oral motion to dismiss the gang enhancement, and in failing to stay restitution fines; and (3) the trial court abused its discretion by refusing to exercise that discretion to strike a prior strike. The trial court declined to exercise its discretion to strike the strike after explicitly considering our opinion in *Suares, supra*, improvements appellant has made in his life during his incarceration, and the record in this matter.

In addition to reviewing the issues appellant raised in his supplemental brief, we have independently reviewed the entire record. We are satisfied that no arguable issues exist and that appellant has, by virtue of his counsel's compliance with the *Wende* procedure and our record review, received adequate and effective appellate review of the order at issue. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *Wende, supra,* 25 Cal.3d at p. 443.)

//

//

//

//

//

//

4

**DISPOSITION**

The November 24, 2020 order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


                                        WILLHITE, J.

We concur:


MANELLA, P. J.


COLLINS, J.